UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DEREK MORTLAND, | ) | CASE NO.: _____ |
| | ) | |
| Plaintiff, | ) | JUDGE _____ |
| | ) | |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **RELIEF AND DAMAGES:** |
| | ) | |
| TRAVAGLINI ENTERPRISES, INC., | ) | **1ST CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| Defendant. | ) | Violation of the Americans with Disability |
| | ) | Act of 1990 ("Title III" and "ADA"), |
| | ) | 42 U.S.C. §§ 12181 *et seq.* |
| | ) | |
| | ) | **2ND CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| | ) | Violation of Ohio Revised Code 4112.02, *et* |
| | ) | *seq.* |
| | ) | |

Plaintiff DEREK MORTLAND Complains of Defendant TRAVAGLINI

ENTERPRISES, INC. doing business as HOLIDAY INN EXPRESS HOTEL & SUITES, and

alleges as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical

disabilities, of which plaintiff is a member of, for failure to remove architectural barriers

structural in nature at Defendant's property, a place of public accommodation, thereby

discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to

participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disability Act of

1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.;* Ohio Revised Code § 4112.02, *et*

*seq.*; and Ohio Administrative Code § 4101:1-11, *et sec.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 1

2.      Plaintiff DEREK MORTLAND is a person with physical disabilities who, on or about February 14, 2021 through February 15, 2021, was an invitee, guest, patron, or customer at Defendant's property, which houses the HOLIDAY INN EXPRESS HOTEL & SUITES, located at.135 Highland Terrace Blvd., Warren, OH 44484. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of both federal and Ohio legal requirements, and MORTLAND suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.      **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Ohio law, whose goals are closely tied with the ADA, including but not limited to violations of Ohio Revised Code § 4112.02, *et seq*.; and Ohio Administrative Code § 4101:1-11, *et sec.*

4.      **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Warren, County of Trumbull, State of Ohio and that plaintiffs' causes of action arose in this district.

**PARTIES:**

5.      Plaintiff DEREK MORTLAND is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2

"physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) MORTLAND is a "person with physical disabilities," as defined by all applicable Ohio and United States laws. MORTLAND requires the use of a wheelchair to travel about in public. Consequently, MORTLAND is a member of that portion of the public whose rights are protected by the provisions of Ohio Revised Code § 4112.02, *et seq*. and Ohio Administrative Code § 4101:1-11, *et sec.*

6.  Defendant TRAVAGLINI ENTERPRISES, INC., a for profit corporation, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by the HOLIDAY INN EXPRESS HOTEL & SUITES, a public accommodation, located at/near 135 Highland Terrace Blvd., Warren, OH 44484, and subject to the requirements of Ohio state law requiring full and equal access to public facilities pursuant to Ohio Revised Code § 4112.02, *et seq*., Ohio Administrative Code § 4101:1-11, *et sec.*, and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.  At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject HOLIDAY INN EXPRESS HOTEL & SUITES as a public facility at/near 135 Highland Terrace Blvd., Warren, OH 44484. The business, the HOLIDAY INN EXPRESS HOTEL & SUITES, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of Ohio Revised Code § 4112.02, *et seq*. and Ohio Administrative Code § 4101:1-11, *et sec.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3

8.   At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near135 Highland Terrace Blvd., Warren, OH 44484. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

**§ 36.201     General**

> (b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

> CFR §36.201(b)

9.   Plaintiff does not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein

described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates, the HOLIDAY INN EXPRESS HOTEL & SUITES, located at 135 Highland Terrace Blvd., Warren, OH 44484. HOLIDAY INN EXPRESS HOTEL & SUITES and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code § 4101:1-11, *et sec.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the HOLIDAY INN EXPRESS HOTEL & SUITES to handicapped access requirements.

11. Plaintiff DEREK MORTLAND is a person with a disability. MORTLAND is a "physically disabled person," as defined by all applicable Ohio and United States laws. MORTLAND is paralyzed as a result of an accident and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the HOLIDAY INN EXPRESS HOTEL & SUITES as being handicapped accessible and handicapped usable.

13. On or about February 14, 2021 through February 15, 2021, MORTLAND was an invitee and guest at the subject HOLIDAY INN EXPRESS HOTEL & SUITES, arriving for purposes of obtaining lodging.

14. Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, MORTLAND personally encountered architectural barriers which denied

him the full and equal access to the property.

15. Therefore, at said time and place, MORTLAND, who is a person with disabilities, encountered the following inaccessible elements of the subject HOLIDAY INN EXPRESS HOTEL & SUITES which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, the following barriers to access were personally encountered by plaintiffs:

1.      *In the parking lot, parked vehicles reduce the required width of the accessible route in violation of 2010 ADAS Section: 502.7, 2009 ANSI A117.1 Section: 502.8 and 1991 ADAS Section: 4.6.3.*

2.      *In the parking lot, the accessible route has not been maintained to provide for a stable, firm slip resistant surface in violation of 2010 ADAS Section: 302.1, 2009 ANSI A117.1 Section: 302.1 and 1991 ADAS Section: 4.5.1.*

3.      *In the parking lot, the curb ramp at the south end of the front walkway exceeds the maximum running slope (parallel to the direction of travel) allowable of 8.33% in violation of 2010 ADAS Section: 406.1, 2009 ANSI A117.1 Section: 406.1 and 1991 ADAS Section: 4.8.2.*

4.      *In the parking lot, the running slope (long dimension) of the right accessible parking stall by the fountain exceeds 2% in violation of 2010 ADAS Section: 502.4, 2009 ANSI A117.1 Section: 502.5 and 1991 ADAS Section: 4.6.3.*

5.      *In the parking lot, the parking sign is mounted too low at the right stall by the fountain in violation of 2010 ADAS Section: 502.6 and 2009 ANSI A117.1 Section: 502.7.*

6.      *In the parking lot, the running slope (long dimension) of the left accessible parking stall by the fountain exceeds 2% in violation of 2010 ADAS Section: 502.4, 2009 ANSI A117.1 Section: 502.5 and 1991 ADAS Section: 4.6.3.*

7.      *In the parking lot, the left stall by the fountain is missing a sign identifying it as a van accessible stall. This space adjoins an 8' wide access aisle to the right making it ideal for parking for wheelchair lift equipped vans in violation of 2010 ADAS Section: 502.6, 2009 ANSI A117.1 Section: 502.7 and 1991 ADAS Section: 4.6.4.*

8.      *In the parking lot, the parking sign is mounted too low at the left stall by the fountain in violation of 2010 ADAS Section: 502.6 and 2009 ANSI A117.1 Section: 502.7.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6

9.      In the parking lot, at the 2 accessible stalls by the fountain, the accessible parking stall signage should be upgraded to the current signage that does not use the word "handicapped" in violation of 2010 ADAS Section: 502.6 and 2009 ANSI A117.1 Section: 502.7.

10.      In the parking lot, the running slope of the access aisle by the fountain exceeds 2% in violation of 2010 ADAS Section: 502.4, 2009 ANSI A117.1 Section: 502.5 and 1991 ADAS Section: 4.6.3.

11.      In the parking lot, the accessible route, accessible parking stalls and access aisle by the fountain have not been maintained to provide for a stable, firm slip resistant surface in violation of 2010 ADAS Section: 302.1, 2009 ANSI A117.1 Section: 302.1 and 1991 ADAS Section: 4.5.1.

12.      In the parking lot, the leftmost access aisle by the building is not a minimum 5 feet wide in violation of 2010 ADAS Section: 502.3.1, 2009 ANSI A117.1 Section: 502.4.2 and 1991 ADAS Section: 4.6.3.

13.      In the parking lot, by the front of the building, the right most access aisle adjacent to the marked van accessible space is not a minimum 8 feet to the centerline of the stripe in violation of 2010 ADAS Section: 502.2 Exception, 2009 ANSI A117.1 Section: 502.2 Exception and 1991 ADAS Section: 4.1.2(1).

14.      In the parking lot, neither of the 2 access aisles by the front of the building are located on an accessible route of travel to the accessible building entrance in violation of 2010 ADAS Section: 208.3.1, 502.3 and 1991 ADAS Section: 4.6.3.

15.      In the parking lot, the parking sign is mounted too low at the left stall by the building in violation of 2010 ADAS Section: 502.6 and 2009 ANSI A117.1 Section: 502.7.

16.      In the parking lot, the parking sign is mounted too low at the right stall by the building in violation of 2010 ADAS Section: 502.6 and 2009 ANSI A117.1 Section: 502.7.

17.      In the parking lot, the accessible route, accessible parking stalls and access aisle by the building have not been maintained to provide for a stable, firm slip resistant surface in violation of 2010 ADAS Section: 302.1, 2009 ANSI A117.1 Section: 302.1 and 1991 ADAS Section: 4.5.1.

18.      At the building entrance, the maneuvering clearance at the south end side entrance door exceeds 2% slope in violation of 2010 ADAS Section: 308.3.2, 2009 ANSI A117.1 Section: 308.3.2 and 1991 ADAS Section: 4.2.6.

19.      In the lobby, the credit card readers are not accessible because they are located over an obstruction greater than 34 inches tall and require a greater than 48" reach in violation of 2010 ADAS Section: 308.3.2 and 2009 ANSI A117.1 Section: 308.3.2.

20.      In the lobby, the floor mat at the entry door is not secured in place in violation of 2010 ADAS Section: 302.2, 2009 ANSI A117.1 Section: 302.2 and 1991 ADAS Section: 4.5.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 7

21.     In the lobby, the door opening contains projections / obstructions into the required door maneuvering clearances in violation of 2010 ADAS Section: 404.2.4 and 1991 ADAS Section: 4.13.6.

22.     In room 109, the maneuvering clearance on the pull side of the room door extends less than 18 inches beyond the latch side of the door in violation of 2010 ADAS Section: 404.2.4.1, 2009 ANSI A117.1 Section: 404.2.3.2 and 1991 ADAS Section: 4.13.6.

23.     In room 109, the door exceeds the maximum allowable opening force in violation of 2010 ADAS Section: 404.2.9, 2009 ANSI A117.1 Section: 404.2.8 and 1991 ADAS Section: 4.13.11(2).

24.     In room 109, the sign providing directional and information is noncompliant in violation of 2010 ADAS Section: 216.3 and 2009 ANSI A117.1 Section: 703.1.2.

25.     In room 109, the maneuvering clearance on the pull side of the pass through door extends less than 18 inches beyond the latch side of the door in violation of 2010 ADAS Section: 404.2.4.1, 2009 ANSI A117.1 Section: 404.2.3.2 and 1991 ADAS Section: 4.13.6.

26.     In room 109, the kitchen counter top is too high in violation of 2010 ADAS Section: 804.3.2 and 2009 ANSI A117.1 Section: 1003.12.3.2.

27.     In room 109, the lavatory projects into the clear floor space required for the toilet in violation of 2010 ADAS Section: 604.3.2 and 2009 ANSI A117.1 Section: 604.3.3.

28.     In room 109, the bath tub does not have the required clear floor space for a seat located at the head of the tub in violation of  2010 ADAS Section: 607.2 and 2009 ANSI A117.1 Section: 607.2.

29.     In room 109, the bath tub does not have the required clear floor space for a seat located at the head of the tub in violation of 2010 ADAS Section: 607.2 and 2009 ANSI A117.1 Section: 607.2.

30.     In room 109, the toilet paper is not installed within the compliant range in violation of 2010 ADAS Section: 604.7

31.     In room 109, the side grab bar is too high in violation of 2010 ADAS Section: 609.4, 2009 ANSI A117.1 Section: 609.4.1 and 1991 ADAS Section: 4.17.6.

32.     In room 109, the side grab bar does not extend far enough from the rear wall in violation of 2010 ADAS Section: 604.5.1, 2009 ANSI A117.1 Section: 604.5.1 and 1991 ADAS Section: 4.17.6.

33.     In room 109, the rear grab bar is not a minimum 36 inches in length in violation of 2010 ADAS Section: 604.5.2, 2009 ANSI A117.1 Section: 604.5.2 and 1991 ADAS Section: 4.16.4.

34.     *In room 109, the rear grab bar does not extend adequately past the toilet on the wide side in violation of 2010 ADAS Section: 604.5.2, 2009 ANSI A117.1 Section: 604.5.2 and 1991 ADAS Section: 4.17.6.*

35.     *In room 109, the rear grab bar is too high in violation of 2010 ADAS Section: 609.4, 2009 ANSI A117.1 Section: 609.4.1 and 1991 ADAS Section: 4.17.6.*

36.     *In room 109, the mirror is mounted too high in violation of 2010 ADAS Section: 603.3 and 2009 ANSI A117.1 Section: 1002.11.2.2.*

37.     *In room 109, knee clearance at 27 inches off the floor is not 8 inches minimum deep in violation of 2010 ADAS Section: 306.3.3, 2009 ANSI A117.1 Section: 306.3.3 and 1991 ADAS Section: 4.19.2.*

38.     *In room 109, the bathtub grab bar is mounted too high at the control end of the tub in violation of 2010 ADAS Section: 607.4.1.2 and 2009 ANSI A117.1 Section: 607.4.1.2.1 , 607.4.2.3.*

39.     *In room 109, the top grab bar is not located correctly in violation of 2010 ADAS Section: 607.4.2.1, 607.4.1.1, 2009 ANSI A117.1 Section: 607.4.2.1, 607.4.1.1 and 1991 ADAS Section: 4.20.4.*

40.     *In room 109, the grab bar is not spaced correctly to the wall or other elements in violation of 2010 ADAS Section: 609.3 and 2009 ANSI A117.1 Section: 609.3.*

41.     *In room 109, the grab bar is too high at the head end of the tub in violation of 2010 ADAS Section: 607.4.2.3, 2009 ANSI A117.1 Section: 607.4.2.3 and 1991 ADAS Section: 4.20.4.*

42.     *In room 109, the fold down tub seat is out of the reach range for a side approach because the obstruction is greater than 24 inches in depth in violation of 2010 ADAS Section: 308.3.2, 2009 ANSI A117.1 Section: 308.3.2 and 1991 ADAS Section: 4.2.6.*

43.     *In room 109, the fold down tub seat is too high and is out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.2, 2009 ANSI A117.1 Section: 308.3.2 and 1991 ADAS Section: 4.2.6.*

44.     *In room 109, the towel bar and shelving is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.*

45.     *In room 109, the coat hook is installed greater than 48 inches above the finished floor in violation of  2010 ADAS Section: 308.2.1, 2009 ANSI A117.1 Section: 308.2.1 and 1991 ADAS Section: 4.2.5.*

46.     In room 109, the closet shelf is positioned too high for either a side or front approach in violation of 2010 ADAS Section: 308.2.1, 308.3.1 and 2009 ANSI A117.1 Section: 308.2.1, 308.3.1.

47.     In room 109, the route of travel between the bed and desk chair does not provide a minimum width of 36 inches in violation of 2010 ADAS Section: 403.5.1, 2009 ANSI A117.1 Section: 403.5 and 1991 ADAS Section: 4.3.3.

48.     In room 109, the route of travel between the bed and heater / ac does not provide a minimum width of 36 inches in violation of 2010 ADAS Section: 403.5.1, 2009 ANSI A117.1 Section: 403.5 and 1991 ADAS Section: 4.3.3.

49.     In room 109, the required clear floor space is not wide enough at the heat / ac unit in violation of 2010 ADAS Section: 305.3, 2009 ANSI A117.1 Section: 305.3 and 1991 ADAS Section: 4.2.4.1.

50.     In room 109, the required clear floor space is not wide enough at the chair in violation of 2010 ADAS Section: 305.3, 2009 ANSI A117.1 Section: 305.3 and 1991 ADAS Section: 4.2.4.1.

51.     In room 109, the required clear floor space is not wide enough at the drape wands in violation of 2010 ADAS Section: 305.3, 2009 ANSI A117.1 Section: 305.3 and 1991 ADAS Section: 4.2.4.1.

52.     In room 109, the straight end drape wands are too high and out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.2, 2009 ANSI A117.1 Section: 308.3.2 and 1991 ADAS Section: 4.2.6.

53.     In room 109, the straight end drape wands are not accessible because they require tight grasping, pinching or twisting of the wrist in violation of 2010 ADAS Section: 309.4, 2009 ANSI A117.1 Section: 309.4 and 1991 ADAS Section: 4.27.4.

54.     In room 109, the route of travel between the desk and bed does not provide a minimum width of 36 inches in violation of 2010 ADAS Section: 403.5.1, 2009 ANSI A117.1 Section: 403.5 and 1991 ADAS Section: 4.3.3.

55.     In room 109, compliant knee clearance is not provided at the desk in violation of 2010 ADAS Section: 306.3.3, 2009 ANSI A117.1 Section: 306.3.1, 306.3.3, 306.3.2 and 1991 ADAS Section: 4.32.3.

56.     Upon information and belief, there may not be enough accessible rooms designed with mobility features in2010 ADAS Section: 224.2.

57.     Upon information and belief, accessible guest rooms may not be dispersed among the various classes of sleeping accommodations in violation of 2010 ADAS Section: 224.5 and 1991 ADAS Section: 9.1.4.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 10

58.     Upon information and belief, the vanity countertop space provided may not be comparable to non-accessible rooms in violation of 2010 ADAS Section: 806.2.4.1.

59.     In the men's public restroom, the wall sign is incorrectly located in violation of 2010 ADAS Section: 703.4.1 and 2009 ANSI A117.1 Section: 703.3.10.

60.     In the men's public restroom, the wall sign is mounted too high in violation of 2010 ADAS Section: 703.4.1 and 2009 ANSI A117.1 Section: 703.3.10.

61.     In the men's public restroom, the walking surface in the men's room vestibule is obstructed in violation of 2010 ADAS Section: 403.5.1, 2009 ANSI A117.1 Section: 403.5 and 1991 ADAS Section: 4.2.1.

62.     In the men's public restroom, the mirror is mounted too high in violation of 2010 ADAS Section: 603.3 and 2009 ANSI A117.1 Section: 1002.11.2.2.

63.     In the men's public restroom, the water closet compartment is missing a loop handle on the inside of the door in violation of 2010 ADAS Section: 604.8.1.2, 2009 ANSI A117.1 Section: 604.9.3 and 1991 ADAS Section: 4.17.5.

64.     In the men's public restroom, the coat hook is installed greater than 48 inches above the finished floor in violation of 2010 ADAS Section: 308.2.1, 2009 ANSI A117.1 Section: 308.2.1 and 1991 ADAS Section: 4.2.5

65.     In the men's public restroom, the baby changing table is too high when folded down in violation of 2010 ADAS Section: 902.3 and 2009 ANSI A117.1 Section: 902.4.

66.     In the men's public restroom, the baby changing table operating mechanism is outside reach range in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.

67.     In the men's public restroom, the side grab bar is not correctly spaced from the wall or partition, in violation of 2010 ADAS Section: 609.3, 2009 ANSI A117.1 Section: 609.3 and 1991 ADAS Section: 4.26.2.

68.     In the men's public restroom, the rear grab bar is not correctly spaced from the wall or partition in violation of 22010 ADAS Section: 609.3, 2009 ANSI A117.1 Section: 609.3 and 1991 ADAS Section: 4.26.2.

69.     In the men's public restroom, the flush handle is located on the wrong side of the toilet in violation of 2010 ADAS Section: 604.6 and 2009 ANSI A117.1 Section: 604.6.

70.     In the men's public restroom, the rear grab bar does not extend adequately past the toilet on the wide side in violation of 2010 ADAS Section: 604.5.2 and 2009 ANSI A117.1 Section: 604.5.2.

71.	In the men's public restroom, the toilet seat cover dispenser is mounted too high and is not located in an accessible location in violation of 2010 ADAS Section: 205.1 and 2009 ANSI A117.1 Section: 308.1.

72.	In the breakfast area, there are no accessible dining surfaces in violation of 2010 ADAS Section: 226.1.

73.	In the breakfast area, compliant knee and/or toe clearance is not provided in violation of 2010 ADAS Section: 306.2.1 and 2009 ANSI A117.1 Section: 306.2.1, 306.2.2.

74.	At the back patio, there are no accessible dining surfaces in violation of 2010 ADAS Section: 226.1.

75.	At the back patio, compliant knee and/or toe clearance is not provided in violation of 2010 ADAS Section: 306.2.1 and 2009 ANSI A117.1 Section: 306.2.1, 306.2.2.

76.	In the pool area, the maneuvering clearance on the inside of the pool door at the ramp is not long enough in the direction of travel in violation of 2010 ADAS Section: 404.2.4.1, 2009 ANSI A117.1 Section: 404.2.3.2, 404.2.3.3.

77.	In the pool area, the maneuvering clearance on the pull side of the pool door by the ramp extends less than 18 inches beyond the latch side of the door in violation of 2010 ADAS Section: 404.2.4.1, 2009 ANSI A117.1 Section: 404.2.3.2 and 1991 ADAS Section: 4.13.6.

78.	In the pool area, the spa does not contain a mechanism to assist persons with disabilities in gaining entry into the spa and in exiting from the spa in violation of 2010 ADAS Section: 242.4 and 2009 ANSI A117.1 Section: 1109.1.1, 1109.1.3.

79.	In the pool area, there is no accessible route between the pool area and the exterior exit door. An accessible route of travel must connect all accessible in violation of 2010 ADAS Section: 206.2.4 and 1991 ADAS Section: 4.1.3(1).

80.	In the pool area, there are no accessible dining surfaces in violation of 2010 ADAS Section: 226.1 and 1991 ADAS Section: 5.1.

81.	In the pool area, compliant knee and/or toe clearance is not provided in violation of 2010 ADAS Section: 306.2.1, 2009 ANSI A117.1 Section: 306.2.1, 306.2.2 and 1991 ADAS Section: 4.32.3.

82.	In the pool area, the restroom signs are incorrectly located in violation of 2010 ADAS Section: 213.2, 2009 ANSI A117.1 Section: 603.1 and 1991 ADAS Section: 4.1.2(6).

83.	At the pool area, the restroom signs are incorrectly located in violation of 2010 ADAS Section: 703.4.1 and 2009 ANSI A117.1 Section: 703.3.10.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 12

*84.      In the cyber cafe, compliant turning space has not been provided in violation of 2010 ADAS Section: 304.3.1, 304.3.2, 2009 ANSI A117.1 Section: 304.3.1, 304.3.2 and 1991 ADAS Section: 4.2.3.*

*85.      In the cyber cafe, compliant knee clearance is not provided at the work stations in violation of 2010 ADAS Section: 306.3.3, 2009 ANSI A117.1 Section: 306.3.1, 306.3.3, 306.3.2 and 1991 ADAS Section: 4.32.3.*

*86.      In the cyber cafe, the maneuvering clearance on the pull side of the door may extend less than 18 inches beyond the latch side of the door in violation of 2010 ADAS Section: 404.2.4.1, 2009 ANSI A117.1 Section: 404.2.3.2 and 1991 ADAS Section: 4.13.6.*

*87.      In the cyber cafe, the maneuvering clearance on the pull side of the door may not be long enough in the direction of travel in violation of 2010 ADAS Section: 404.2.4.1, 2009 ANSI A117.1 Section: 404.2.3.2, 404.2.3.3 and 1991 ADAS Section: 4.13.6.*

*88.      In the fitness center, the routes of travel between fitness equipment, benches and the scale do not provide a minimum width of 36 inches in violation of 2010 ADAS Section: 403.5.1, 2009 ANSI A117.1 Section: 403.5 and 1991 ADAS Section: 4.3.3.*

*89.      In the fitness center, the phone is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.*

On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

16. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("title III" and "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq*.; and Ohio Administrative Code §4101:1-11, *et sec.* either then, now or in the future.

17. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiffs suffered damages as alleged herein.

18. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, MORTLAND was denied his civil rights to full and equal access to public facilities. MORTLAND suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal injury, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

19. On information and belief, construction alterations carried out by Defendant has triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

20. MORTLAND, as described herein below, seeks injunctive relief to require the HOLIDAY INN EXPRESS HOTEL & SUITES to be made accessible to meet the requirements of both Ohio law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendant operates and/or leases the HOLIDAY INN EXPRESS HOTEL & SUITES as a public facility. Plaintiff seeks damages for violation of his civil rights, from the date of his visit until such date as Defendant brings the establishment into full compliance with the requirements of Ohio and federal law.

21. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

22. Because of Defendant's violations, MORTLAND and other persons with physical

disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendant to make the HOLIDAY INN EXPRESS HOTEL & SUITES accessible to persons with disabilities.

23.     On information and belief, Defendant has undertaken to modify and alter existing building(s), and has failed to make them comply with accessibility requirements.

The acts and omissions of Defendant in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice towards plaintiff, and despicable conduct carried out by Defendant with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify punitive damages pursuant to Ohio Revised Code § 2315.21, in amounts sufficient to make a more profound example of Defendant to other operators of other establishment and other public facilities, and to punish Defendant and to carry out the purposes of § 2315.21.

24. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the HOLIDAY INN EXPRESS HOTEL & SUITES and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and

practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Ohio.

25. On information and belief, the subject public facility of the HOLIDAY INN EXPRESS HOTEL & SUITES denied full and equal access to plaintiff and other persons with physical disabilities in other respects due to noncompliance with requirements of Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

26. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the HOLIDAY INN EXPRESS HOTEL & SUITES was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, Defendant knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons

with physical disabilities to the establishment. Said Defendant has continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of punitive damages pursuant to Ohio law.

27.     As Plaintiff frequently travels to Mahoning County and Trumbull County, Ohio, Plaintiff will return to the subject HOLIDAY INN EXPRESS HOTEL & SUITES to patronize the hotel, if the hotel is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services.

29.     Should the HOLIDAY INN EXPRESS HOTEL & SUITES become accessible, MORTLAND will visit it again because it is conveniently located for the work that he performs in the area.

30.     Furthermore, plaintiff intends to return to the HOLIDAY INN EXPRESS HOTEL & SUITES as an ADA tester on an annual basis beginning in 2022, to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

I.      **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

31.     Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 30 of this complaint.

32.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 17

some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

33. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

34.      As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for purposes of this title was:

(7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
. . .
(A) an inn, hotel, motel, or other place of lodging ***;

42 U.S.C. §12181(7)(A).

35. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person

who owns, leases, or leases to, or operates a place of public accommodation."

36. The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

(i) the imposition or application of eligibility criteria
that screen out or tend to screen out an individual with a disability
or any class of individuals with disabilities from fully and equally
enjoying any goods, services, facilities, privileges, advantages, or
accommodations, unless such criteria can be shown to be
necessary for the provision of the goods, services, facilities,
privileges, advantages, or accommodations being offered;

(ii) a failure to make reasonable modifications in
policies, practices, or procedures, when such modifications are
necessary to afford such goods, services, facilities, privileges,
advantages or accommodations to individuals with disabilities,
unless the entity can demonstrate that making such modifications
would fundamentally alter the nature of such goods, services,
facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to
ensure that no individual with a disability is excluded, denied
services, segregated or otherwise treated differently than other
individuals because of the absence of auxiliary aids and services,
unless the entity can demonstrate that taking such steps would
fundamentally alter the nature of the good, service, facility,
privilege, advantage, or accommodation being offered or would
result in an undue burden;

(iv) a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing
facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of
a barrier under clause (iv) is not readily achievable, a failure to
make such goods, services, facilities, privileges, advantages or
accommodations available through alternative methods if such
methods are readily achievable.

The acts of Defendant set forth herein were a violation of plaintiff's rights under the ADA, 42.

U.S.C. §§ 12181 *et seq.;* Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §

4101:1-11, *et sec.*, making available damage remedies.

37. The removal of the barriers complained of by plaintiff as hereinabove alleged

was at all times after January 26, 1992 "readily achievable" as to the subject HOLIDAY INN

EXPRESS HOTEL & SUITES pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information

and belief, if the removal of all the barriers complained of herein together was not "readily

achievable," the removal of each individual barrier complained of herein was "readily

achievable." On information and belief, Defendant's failure to remove said barriers was likewise

due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-

(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

38. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

accomplishable and able to be carried out without much difficulty or expense." The statute

defines relative "expense" in part in relation to the total financial resources of the entities

involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that

plaintiff complains of herein were and are "readily achievable" by the Defendant under the

standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not

"readily achievable" for Defendant to remove each of such barriers, Defendant has failed to

make the required services available through alternative methods which were readily achievable.

39. On information and belief, construction work on, and modifications of, the

subject HOLIDAY INN EXPRESS HOTEL & SUITES occurred after the compliance date for

the Americans with Disabilities Act, January 26, 1992, independently triggering access

requirements under Title III of the ADA. Upon information and belief, the HOLIDAY INN

EXPRESS HOTEL & SUITES was built in or around 2000, making compliance with the

Americans with Disability Act Standards mandatory.

40. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq*., §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

41. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff has not returned to Defendant's premises since on or about February 14, 2021 through February 15, 2021, but alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

42. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

43. Plaintiff seeks damages pursuant to Ohio Revised Code § 4112.02, *et seq*. and Ohio

Administrative Code § 4101:1-11, *et sec.*, which provide, within the statutory scheme, that a

violation of the ADA and/or Ohio's accessibility standards is a violation of Ohio law.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

## II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, *et seq*.

44. Plaintiff repleads and incorporates by reference as if fully set forth again herein,

the allegations contained in paragraphs 1 through 43 of this complaint.

45. At all times relevant to this action, Ohio Revised Code § 4112.0254 has provided

that persons with physical disabilities are not to be discriminated against because of physical

handicap or disability. This section provides that:

> It shall be an unlawful discriminatory practice:

> (G)    For any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race, color, religion, sex, military status, national origin, disability, age, or ancestry, the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation.

46. HOLIDAY INN EXPRESS HOTEL & SUITES is a "place of public accommodation"

pursuant to Ohio Revised Code § 4112.01(A)(9).

47. Defendant committed an unlawful act pursuant to Ohio Revised Code §4112.02(G) by

denying plaintiff the full enjoyment of its accommodations, advantages, facilities, or privileges,

whereas, plaintiff had great difficulty due to extensive barriers for patrons confined to

wheelchairs.

48. Pursuant to Ohio Revised Code § 4112.99, plaintiff is entitled to compensatory

and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in

any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 22

allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

49. A separate act in violation of Ohio Revised Code § 4112.02(G) has been committed each day that Defendant acts or fail to act and/or knowingly and willfully fails and refuse to remove each architectural barrier or policy and procedure barrier presently existing at the subject public accommodation which denies full and equal access for persons with physical disabilities to said building(s), elements and facilities of HOLIDAY INN EXPRESS HOTEL & SUITES. Plaintiff has been denied full and equal access on an ongoing basis since the date of his first visit. As a legal result, plaintiff is entitled to seek appropriate relief, such as damages, pursuant to Ohio Revised Code § 4112.99.

50. On or about February 14, 2021 through February 15, 2021, plaintiff suffered violations of Ohio Revised Code §4112.02(G) in that he was denied access to the facilities as stated herein at HOLIDAY INN EXPRESS HOTEL & SUITES and on the basis that he was a person with physical disabilities.

51. As a result of the denial of equal access to Defendant's facility due to the acts and omissions of Defendant in owning, operating and maintaining the subject public facility, plaintiff suffered violations of his civil rights, as well as suffering from shame, humiliation, embarrassment, frustration, anger, chagrin, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

52. Plaintiff has been damaged by Defendant's wrongful conduct and seeks the relief that is afforded by Ohio Revised Code § 4112 for violation of his rights, including statutory damages according to proof.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 23

53. As a result of Defendant's acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce his rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Ohio Revised Code § 4112, plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**O.R.C. 4112.16 NOTICE OF VIOLATION OF ACCESSIBILITY LAW**

54. Pursuant to O.R.C. 4112.16 Notice of Violation of Accessibility Law, prior to filing a civil action alleging violation of State of Ohio accessibility law, the alleged aggrieved party *may* notify the owner, agent, or other responsible party, by personal service or by certified mail, of alleged accessibility law violations.

55. On May 6, 2021, MORTLAND served upon Defendant's statutory agent a Notice of Violation of Accessibility Law pursuant to O.R.C. 4112.16.

56. Defendant's statutory response deadline in which to serve MORTLAND with its response was May 27, 2021.

57. Defendant failed to serve a compliant response upon MORTLAND or his counsel within 15 days of receiving the O.R.C. 4112.16 Notice.

58. As a result of failing to respond to MORTLAND's Notice, MORTLAND may commence his lawsuit for violations of State of Ohio accessibility laws.

59. Due to Defendant's failure to respond in accordance with the statute, MORTLAND, if deemed the prevailing party, shall recover reasonable attorney's fees, in addition to any other remedies available to the plaintiff.

**PRAYER:**

Wherefore, Plaintiff DEREK MORTLAND prays that this court grant relief and damages as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.     For injunctive relief, compelling Defendant to make its HOLIDAY INN EXPRESS HOTEL & SUITES, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.     For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, *et seq.***

4.     For injunctive relief, compelling Defendant to make its HOLIDAY INN EXPRESS HOTEL & SUITES, readily accessible to and usable by individuals with disabilities, per state law.

5.     General and compensatory damages according to proof;

6.     All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied plaintiff and other persons with disabilities full and equal access.

7.     Attorneys' fees pursuant to Ohio Revised Code § 4112.99, if plaintiff is deemed

the prevailing party;

8.　　Punitive damages, pursuant to Ohio Revised Code § 2315.21;

9.　　For all costs of suit;

10.　　Prejudgment interest pursuant to Ohio Revised Code 1343.03(A);

11.　　Such other and further relief as the court may deem just and proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Franklin Lakes Dr.
Akron, Ohio 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com
cg@bmblaw.com

Attorney for Plaintiff DEREK MORTLAND